## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| KINDEN CORPORATION,<br><br>                        Plaintiff,<br><br>    vs.<br><br>GUAM HEALTHCARE DEVELOPMENT, INC. DBA GUAM REGIONAL MEDICAL CITY, DCK PACIFIC GUAM, LLC, DCK WORLDWIDE, LLC AND DOES I-III,<br><br>                  Defendant. | Case No. CV0040-16<br><br><br>**DECISION AND ORDER** |

## INTRODUCTION

Plaintiff moves the Court to reconsider its Decision and Order granting summary judgment to Defendant in this breach of contracts case. This matter is before the Honorable Michael J. Bordallo. Plaintiff Kinden Corporation ("Plaintiff") is represented by attorney Louie J. Yanza of the Law Office of Louie J. Yanza, P.C. Defendant Guam Healthcare Development, Inc. dba Guam Regional Medical City, DCK Pacific Guam, LLC, DCK Worldwide, LLC, and Does I-III ("Defendant" or "GRMC") is represented by Vanessa L. Williams, Esq. of the Law Office of Vanessa L. Williams, P.C. Having considered the arguments and the applicable law, the Court hereby **GRANTS** Plaintiff's Motion for Reconsideration.

# BACKGROUND

This matter arises out of Plaintiff's Motion for Reconsideration, filed Jan. 2, 2019. Several months before, on Sep. 13, 2018, Defendant filed a Motion for Summary Judgment. Plaintiff never filed an opposition, and on Dec. 20, 2018, the Court entered a Decision and Order ("Decision") granting summary judgment to Defendant. Plaintiff then filed the Motion for Reconsideration ("Motion"). Defendant filed an opposition and Plaintiff filed a reply. The Court then took this matter under advisement.

# FACTS

1. In this breach of contracts case, Defendant GRMC missed the deadline for filing dispositive motions, but in Aug. 2018, Defendant petitioned the Court to file one nevertheless. The Court held a status hearing on the matter on Sep. 4, 2018.

2. At the status hearing, the Court stated that if it allowed Defendant to file a motion for summary judgment and Defendant then did so, Plaintiff would have "at least three weeks" to file an opposition. Decl. of Theresa M.A. Blas in Supp. of Mot. for Recons., Ex 1. The dialogue at that status hearing proceeded as follows:

Court:      We'll get out the decision on whether we're going to hear the summary judgment. If we're going to hear the summary judgment, then we, we'll, we'll give you an opportunity to file an opposition.

Plaintiff:      Okay.

Court:      Okay, what we'll get out this week is just whether or not we are going to hear it or we are just going to have the trial.

Plaintiff:      Okay.

Court:      If we are going to hear the summary judgment then we'll issue that order. We'll give you at least a minimum of two weeks to file an opposition.

Plaintiff:      Okay.

Court:      If not … no, 28 days right? We'll give you at least three weeks to file.

Plaintiff:     Okay, great, thank you, Your Honor.

Hr'g Sep. 4, 2018.

3. Three days later, on Sep. 7, 2018, the Court granted Defendant permission to file a motion for summary judgment.

4. Six days after that, on Sep. 13, 2018, Defendant filed its Motion for Summary Judgment.

5. Over three months passed during which Plaintiff did not file an opposition.

6. Finally, on Dec. 20, 2018, with no opposition from Plaintiff, the Court issued the Decision granting summary judgment to Defendant.

7. Two weeks later, on Jan. 2, Plaintiff filed its Motion for Reconsideration, arguing that the Court should set aside its Decision because the Court never set a hearing date or a deadline for Plaintiff to file an opposition. Alternatively, Plaintiff argues that if the Court believes it did set a deadline, the manner in which the Court set the deadline was unclear and confusing, leading Plaintiff to believe that a deadline would be forthcoming. Plaintiff argues that because of the confusion the Court created about a deadline, Plaintiff never submitted an opposition to Defendant's motion for summary judgment.

8. Plaintiff states that the Court's Decision granting summary judgment before Plaintiff submitted an opposition was "clear error" and that Plaintiff's failure to file an opposition was not intentional but instead was based on mistake, inadvertence, surprise, or excusable neglect.

9. Both Plaintiff and Defendant evaluate whether Plaintiff's neglect was excusable by applying the Pioneer test from Pioneer Inv. Services Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 394 (1993). Defendant concluded that it is not excusable neglect under the Pioneer test, while Plaintiff concluded that it is excusable.

10. The matter is now before the Court.

## ISSUE

1. Whether to set aside the Court's Decision and Order granting Defendant's Motion for Summary Judgment.

## PRINCIPLES OF LAW

The Court may grant relief from a final judgment or order for mistake, inadvertence, surprise, or excusable neglect under rule 60(b) of the Guam Rules of Civil Procedure (GRCP). Guam. R. Civ. P. 60(b). When interpreting the GRCP, federal case law is instructive. The Supreme Court of Guam "has recognized the persuasive aspect federal case law holds on certain Guam laws modeled after federal laws." People v. Castro, 2016 Guam 16 ¶ 21. "Generally, when a legislature adopts a statute which is identical or similar to one in effect in another jurisdiction, it is presumed that the adopting jurisdiction applies the construction placed on the statute by the originating jurisdiction." Id. (quoting Sumitomo Constr. Co. v. Zhong Ye, 1997 Guam 8 ¶ 7). The GRCP are based on and virtually identical to the Federal Rules of Civil Procedures ("FRCP"). Therefore it is appropriate for this Court to seek guidance from federal case law that interprets and applies those rules. See Benavente v. Taitano, 2006 Guam 15 ¶ 48.

To determine whether neglect is excusable, the U.S. Supreme Court has stated, "[T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380, 395 (1993). The Supreme Court added that these relevant circumstances include a four-factor test, sometimes referred to as the Pioneer test, to determine whether a party's neglect of a deadline is excusable. A court must weigh the following:

1. The danger of prejudice to the non-moving party;

2. The length of the delay and its potential impact on judicial proceedings;

3.  The reason for the delay, including whether it was within the reasonable control of the movant;

4.  Whether the movant acted in good faith.

Id.

## ANALYSIS

The Court will grant Plaintiff's Motion under a theory of excusable neglect. Regarding the first prong of the Pioneer test, the Court acknowledges Defendant's statement that it will suffer prejudice if the Motion is granted. However, the Court does not find Defendant's arguments about the prejudice it will suffer to be sufficiently persuasive to justify denying Plaintiff's Motion. Considering that the case has been ongoing for over three years now, the Court is not persuaded that a delay of several extra months will unduly prejudice Defendant. Defendant has mentioned that a key witness may no longer be available but it seems that this is not certain. The Court also notes that Defendant previously made a similar petition and did not appear concerned that the delay would harm its case.

Regarding the second prong of the Pioneer test, the Court does not expect the length of delay to have a significant impact on the judicial proceedings. As stated, the case has been ongoing for over three years. The instant matter will add several additional months, but considering the duration of the entire case, the Court is not persuaded that the length of the delay will significantly affect the outcome.

Regarding the third prong of the Pioneer test, Plaintiff's statements in its own defense reveal that the reason for Plaintiff's delay in filing an opposition is Plaintiff's neglect and unwarranted confusion. At the status hearing on Sep. 4, 2018, the Court informed Plaintiff that it would have three weeks, or perhaps 28 days, to file an opposition if Defendant filed a motion for summary judgment. Plaintiff states that it believed, based on the Court's statements during

that hearing, that the Court would later set a hearing date and deadline for the opposition. Plaintiff claims that for over three months, it was awaiting that hearing date or deadline. However, the Court did not indicate in any way that at some later date it would impose a hearing date or a deadline, nor was the Court required to establish such a deadline. Under the Local Rules, an opposing party has 28 days after a motion is filed to file an opposition. Super. Ct. Guam R. 7.1 (d)(1). This is the default deadline, unless otherwise ordered by the Court. See Id. at (a). Plaintiff ought to have been alert and responsive to the standard 28-day deadline to file its opposition in the absence of some other Court-imposed deadline. That deadline is in place regardless of whether the Court mentions it, and the Court has no obligation to remind parties of it. Plaintiff was properly served with notice of Defendant's motion on Sep. 13, 2018. Then, more than three months passed in which Plaintiff filed nothing. The Court acknowledges that its bench statement of "If not … no, 28 days right? We'll give you at least three weeks to file" may have seemed unclear to Plaintiff, at least in terms of whether Plaintiff had three weeks or 28 days to file an opposition. But the Court's statement should not have created such confusion that Plaintiff would believe it needed to file nothing for over three months while expecting the Court to create a custom deadline or call for a hearing. The reason for delay weighs heavily against Plaintiff.

Regarding the fourth prong of the Pioneer test, the Court sees no evidence that Plaintiff acted, or failed to act, in bad faith. The Court accepts that Plaintiff, though neglectful and unnecessarily confused, was waiting in good faith for a court-issued deadline or a hearing before filing an opposition to Defendant's Motion for Summary Judgment.

In weighing the case against each of the Pioneer prongs, the Court is able to find that Plaintiff's neglect is excusable. Although Plaintiff was neglectful and apparently severely misinterpreted the Court's statements at the Sep. 4, 2018 hearing, the Court sees no evidence of

bad faith, and the Court does not expect the delay to have a significant impact on the judicial proceedings. However, the Court advises the parties that it need not remind them of standard deadlines created by the Local Rules of the Superior Court of Guam.

## CONCLUSION AND ORDER

For the above reasons, the Court **GRANTS** Plaintiff's Motion for Reconsideration. The Court imposes a 21-day deadline from the date of this order for Plaintiff to file an opposition to Defendant's Motion for Summary Judgment, filed on Sep. 13, 2018.

SO ORDERED, this ____30____ day of ____April____ 2019.

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
L. Yanza, V. Williams
T. Tourpley
Date: 4/30/19 Time: 2:30

Deputy Clerk, Superior Court of Guam